IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 19, 2013

**JUAN A. HILL v. DAVID SEXTON, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. 6225      Stacy L. Street, Judge**

**No. E2013-01579-CCA-R3-HC - Filed February 21, 2014**

The Petitioner, Juan A. Hill, appeals as of right from the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends that his judgment of conviction is void because it fails to reflect pretrial jail credit. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Juan A. Hill, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn and Lacy Wilber, Assistant Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In 1997, the Petitioner was convicted of one count of rape of a child for having "sexual intercourse" with a seven-year-old girl. State v. Juan Alfonzo Hill, No. 03C01-9710-CR-00441, 1999 WL 222370, at *1 (Tenn. Crim. App. Apr. 8, 1999), perm. app. denied, (Tenn. Sept. 20, 1999). The trial court sentenced the Petitioner to thirty-five years to be served at one hundred percent for the conviction and ordered that the sentence be served consecutively to the Petitioner's "previous sentence for assault with intent to commit first degree murder" because the Petitioner had committed the rape of a child offense while on parole for the prior offense. Id. at *3-5. This court affirmed the Petitioner's conviction and sentence on direct appeal, and our supreme court declined to review this court's decision. See id.

In 2011, the Petitioner filed a petition for writ of habeas corpus alleging that his judgment of conviction was based upon a defective indictment and that it failed to reflect any pretrial jail credit he had earned. Juan A. Hill v. David Sexton, Warden, No. E2012-02077-CCA-R3-HC, 2013 WL 357565, at *1 (Tenn. Crim. App. Jan. 30, 2013). The habeas corpus court summarily dismissed the petition, and this court affirmed the dismissal on direct appeal. Id. This court concluded that there was no merit to the Petitioner's claim that the indictment was defective and that the Petitioner had failed to "attach documentation establishing his entitlement to pretrial jail credit." Id. at *3.

On February 13, 2013, the Petitioner filed the instant petition for writ of habeas corpus, again raising the issue that his judgment of conviction does not reflect any pretrial jail credit. To support his contention, the Petitioner attached copies of the judgment and indictment, as well as a document the Petitioner referred to as a "letter of credits from the Washington County Jailor." There was nothing on the document to indicate where it came from or who prepared it. The top of the document stated, "Tennessee Sentences, Sentence Dates Inquiry 1" and that the document was generated on December 10, 2012. On the document was an entry for "PTJC," presumably meaning pretrial jail credit, and reflected that the Petitioner had earned 972 days of pretrial jail credit. The habeas corpus court again summarily dismissed the petition, and the Petitioner now appeals to this court.

On appeal, the Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. The Petitioner argues that the document he attached to the petition was sufficient evidence to prove that he had earned 972 days of pretrial jail credit which was not reflected on his judgment of conviction. The State responds that the document provided by the Petitioner was not sufficient documentation from the underlying record to establish that the Petitioner was entitled to pretrial jail credit. The State further responds that the Petitioner's judgment of conviction for rape of a child likely did not reflect the pretrial jail credit because it was applied to the Petitioner's prior sentence for assault.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State,

212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

The failure of a trial court to credit a petitioner with mandated pretrial jail credit results in an illegal sentence; therefore, it is a cognizable claim for habeas corpus relief. Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). To establish such a claim, a petitioner must show "(1) that he was incarcerated 'pending arraignment and trial' on the offense or offenses that led to the challenged convictions or 'subsequent to' the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment." Id. As such, a petitioner "must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit . . . and that the trial court erroneously failed to award it." Id. at 124.

The only documentation provided by the Petitioner to support his claim was an alleged "letter of credits from the Washington County Jailor" which had no information on the document indicating where it came from or who prepared it. The only thing clearly indicated on the document was that it was generated in December 2012. However, documents supporting a claim for habeas corpus relief "must come from the record of the underlying proceedings." Tucker, 335 S.W.3d at 124 (concluding that TOMIS reports are not considered a part of the record of the underlying proceedings because they are generated after a defendant's transfer to prison; therefore, "a TOMIS report cannot be used to establish a claim for habeas corpus relief"). Because the Petitioner did not provide any documentation from the record of the underlying proceedings to support his claim, the habeas corpus court did not err in summarily dismissing his petition.[1]

Furthermore, the Petitioner did not attach any documentation regarding his prior sentence for the assault with intent to commit first degree murder conviction which was ordered to be served consecutively to his sentence for the rape of a child conviction. Without this documentation, we are unable to ascertain whether the trial court applied the pretrial jail credit to the prior sentence. Such documentation is necessary to determine the validity of the Petitioner's claim because "[a] defendant incarcerated prior to trial who receives consecutive sentences is only allowed [pretrial] jail credits to be applied toward the first sentence."

[1]To survive summary dismissal, the Petitioner would need to attach a copy of the arrest warrant or capias to establish the date on which he was arrested for the rape of a child offense. Additionally, as noted below, the Petitioner would need to attach a copy of any orders or amended judgments regarding his parole revocation on the prior offense to establish if the pretrial jail credit had been applied to that sentence.

<u>Timothy L. Dulworth v. Henry Steward, Warden</u>, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App. July 9, 2012) (quoting <u>Marvin Rainer v. David G. Mills</u>, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006)).

      In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE